(No. 2524— ▆▆▆▆▆▆▆▆▆▆

MINNIE THOMPSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1935.*

JOHN T. ELLIFF, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On September 27, 1934, Arthur Thompson, husband of the claimant, Minnie Thompson, was employed by the Division of Highways of the State of Illinois, as an extra laboror on S. B. I. Route No. 9, near Morton, Illinois, and was earning $3.60 per day. The crew with which he was working was engaged in replacing pavement, and near the end of the day's work on said 27th day of September, said Arthur Thompson

was requested to help two other men who were setting out warning lights along the road where repair work was being done. In the course of such work said Arthur Thompson slipped or fell from the truck on which he was riding, and sustained injuries which resulted in his death on the same night. He left him surviving the claimant, Minnie Thompson, his widow, but left no child or children.

Notice of the accident was given and claim for compensation made in accordance with the requirements of Section 24 of the Workmen's Compensation Act. Said employee had been in the services of the respondent less than a year immediately preceding the accident, and was engaged in an employment in which it is the custom to operate for a part of the whole number of working days in each year. The evidence does not disclose the actual number of working days per year in such employment, and consequently the minimum of two hundred days must be used as the basis for the year's work, in accordance with the provisions of Section 10 of the Workmen's Compensation Act. Thompson's average annual wages, therefore, must be regarded as Seven Hundred Twenty Dollars ($720.00).

Under the provisions of Section 7a of the Workmen's Compensation Act, the claimant, as widow of said decedent, is entitled to compensation in the total amount of $2,880.00, which compensation is payable in weekly installments of $7.50 commencing on September 28, 1934.

Payment by the respondent in weekly installments, however, is not practicable under existing laws. Under all of the circumstances it appears to be to the best interests of all parties concerned, that the compensation to be paid as aforesaid be commuted to an equivalent lump sum in accordance with the provisions of Section 9 of the Workmen's Compensation Act.

The total amount of compensation to be paid as aforesaid, after a commutation to an equivalent lump sum, is $2,648.06. Claimant is also entitled to be reimbursed in the amount of $14.50 for medical and hospital expenses paid by her as shown by the record.

It is Therefore Ordered that an award be and the same is hereby entered in favor of the claimant, Minnie Thompson, for the sum of Twenty Six Hundred Sixty-two Dollars and Fifty-six Cents ($2,662.56).